THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:19-cr-37 |
| v. | : | |
| MAREK GRIGSBY, | | Judge Walter H. Rice |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(ii) (DOC. #55) OF DEFENDANT MAREK GRIGSBY

Before the Court is the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii) ("Motion," Doc. #55) of Defendant Marek Grigsby. For the reasons set forth below, the Motion is OVERRULED.

I. **Factual Background and Procedural History**

On March 4, 2020, Defendant was sentenced to 330 months imprisonment after being convicted of Production of Child Pornography (Count One, 270 months imprisonment) and Production of Obscene Visual Representations of the Sexual Abuse of Children (Count Two, sixty months imprisonment served consecutively to Count One). (Judgment, Doc. #45, PAGEID 167-68, citing 18 U.S.C. §§ 1466A(a)(1), 2251(a), 2252A(b)(1); Information, Doc. #25). Defendant is forty years old with a present release date of June 17, 2042.[1]

---

[1] https://www.bop.gov/inmateloc/ (last accessed Jul. 11, 2025).

Defendant states that, while incarcerated, he has received only four minor infractions, none of which involved violence, and he is working toward a degree. (Doc. #55, PAGEID 210-11). He also claims that he "suffers from serious health problems such as: multiple sclerosis, degenerative disk disease, spinal stenosis, fibromyalgia, hyper-somnolence, depression, anxiety, and Post-Traumatic Stress Disorder (PTSD)." (*Id.* at PAGEID 211). Defendant asserts that these conditions cause him to be lethargic and in pain. Specifically, Defendant claims, his multiple sclerosis has rendered him immunocompromised and, thus, he is particularly susceptible to: (a) contracting COVID-19, and (b) suffering severe illness or death as a result. (*Id.* at PAGEID 213, 221-22). However, Defendant argues that: (a) if he is released, he will be able to obtain a proper diet, medication, and a medical care regimen for managing his myriad health issues (*id.* at PAGEID 213-14), and (b) he has a comprehensive re-entry plan which, combined with the fact that he "does not have a lengthy criminal record" and is not "a repeat offender[,]" makes him a strong candidate for compassionate release. (*Id.* at PAGEID 214-16). Finally, Defendant asserts that "a reduction of [his] sentence would not diminish the seriousness of the offense, nor would it present a risk to the public[,]" and, consequently, the 18 U.S.C. § 3553(a) factors weigh in favor of reducing his sentence to time served. (*Id.* at PAGEID 225).

The matter is ripe for decision.

2

## II. Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id.* Failure to comply with the exhaustion strictures set forth in the statute deprive a court of authority to entertain the motion. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a

3

defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

## III. Analysis

The Court agrees with Defendant that he has complied with the First Step Act's exhaustion requirements. (Doc. #55, PAGEID 224, citing Grievance, Doc. #55-3, PAGEID 319). However, the Motion is not meritorious, because the 18 U.S.C. § 3553(a) factors weigh heavily against release. 18 U.S.C. § 3582(c)(1)(A). Defendant's crimes go well beyond the tens of thousands of obscene, child pornographic images of which Defendant was in possession at the time of his arrest. (Stmt. Of Facts, Doc. #31, PAGEID 74-75). Rather, Defendant admitted that, in addition to producing dozens of nude photos and videos of Minor A, he engaged in sexual conduct with Minor A and filmed that conduct. (*Id.* at PAGEID 73). Defendant filmed at least twenty-one videos of Minor B wearing only underwear, and from those videos, created over 100 still images and superimposed graphical images of penises so as to portray Minor B engaging in sexual activity. (*Id.* at PAGEID 74). In sum, Defendant abused and exploited vulnerable members of society in furtherance of his own depraved desires.

If this Court were to sustain Defendants' Motion, he would be released after only eighty months' imprisonment, less than one-quarter of the original 330-month sentence. (Doc. #45, PAGEID 167-68). In light of Defendant's horrific crimes, and the dangers that minors face with the proliferation of digital

4

technology and filesharing, such a reduced sentence would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors, his Motion must be overruled, and the Court need not address whether Defendant has presented an extraordinary and compelling reason for release.[2]

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Compassionate Release (Doc. #152) is OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

July 17, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Moreover, none of Defendant's documented health issues (Med. Records, Doc. #55-2, 55-3) is the type of "severe illness" that constitutes an "extraordinary and compelling reason for a sentence reduction." *United States v. Hunter*, 12 F. 4th 555, 571 (6th Cir. 2021) (cleaned up); *accord*: *United States v. Bricker*, 135 F.4th 427, 447 (6th Cir. 2025) (cleaned up) ("Terminal illness" might qualify as an "extraordinary and compelling circumstance."). Thus, Defendant's Motion would also be overruled for failing to provide such a compelling reason.

5